# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VANESSA ADAMS | ) |
| | ) CIVIL ACTION NO.: _____ |
| Plaintiff, | ) |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| WAL-MART STORES EAST, LP, | ) |
| | ) |
| Defendant. | ) *ELECTRONICALLY FILED* |

## COMPLAINT

Plaintiff, Vanessa Adams, a resident of York County, Pennsylvania, by and through her attorneys, McCarthy Weisberg Cummings, P.C., brings this civil action for damages against the above named Defendant, Wal-Mart Stores East, LP, demands a trial by jury, and complains and alleges as follows:

## THE PARTIES

**A.   Plaintiff**

1.   Plaintiff, Vanessa Adams, is an adult female residing at 3400 Eastern Boulevard, Apartment G13, York, York County, Pennsylvania.

2.   Plaintiff is homosexual and does not practice any religion.

**B.**    **Defendant**

3.    Defendant, Wal-Mart Stores East, LP (hereinafter referred to as "Walmart") is a Delaware corporation and maintains its headquarters at 702 SW 8th Street, Bentonville, Arkansas 72716. Defendant operates a nationwide chain of stores; pertinently, Walmart operates a store at 1800 Loucks Road, Suite 100, York, York County, Pennsylvania.

4.    At all times relevant to this Complaint, Walmart employed in excess of fifteen (15) individuals.

## JURISDICTION AND VENUE

5.    This Complaint alleges illegal sexual harassment and discrimination on the basis of Plaintiff's female sex, sexual orientation, and religion, as well as retaliation in violation of the laws and statutes of the United States of America, specifically, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000d *et seq.* (hereinafter referred to as "Title VII"), as well as pendent state law claims arising under the provisions of the laws of the Commonwealth of Pennsylvania, to wit, the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* (hereinafter referred to as the "PHRA").

6.    Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

7. This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

8. This Honorable Court has jurisdiction to hear Plaintiff's pendent state law claims pursuant to 28 C.F.R. 1367.

9. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District.

## **ADMINISTRATIVE PROCEEDINGS**

10. On or about August 22, 2014, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC"), which was docketed as EEOC Charge No. 530-2015-00342, alleging sexual harassment, religious harassment, retaliation, and constructive/wrongful discharge from her employment with Defendant, and dual filed with the Pennsylvania Human Relations Commission ("PHRC).

11. Plaintiff has been advised of her individual right to bring a civil action by receiving a Notice of Right to Sue from the EEOC, dated June 15, 2016.

12. Plaintiff has exhausted the administrative remedies available to her, and all necessary and appropriate administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

## STATEMENT OF FACTS

13. Plaintiff was hired to work for Walmart at its storefront located at 1800 Loucks Road, York, York County, Pennsylvania, in the deli department in or about February of 2014, a position which she held until she was forced to resign her employment on or about August 18, 2014.

14. In or about March of 2014, Plaintiff learned of a bet between her co-workers, Matt Cellini and Jeremy (last name unknown) as to which would be the first to have sex with her.

15. As a result of Plaintiff reporting this "bet," Defendant required Plaintiff to provide a written statement, which Plaintiff did. As part of the reporting process, Plaintiff signed a confidentiality disclaimer.

16. Despite this incident, Matt and Jeremy continued to work alongside of Plaintiff in the deli department, where they publicly discussed the incident. Plaintiff's immediate supervisor, Lisa (last name unknown), was aware of this behavior and did not correct it.

17. Around this time, Jeremy or Matt asked Plaintiff, in the presence of customers, whether she had ever "had a dick," in direct reference to her homosexual orientation.

18. On or about July 25, 2014, Jeremy slapped Plaintiff on the buttocks.

19. Later that same day, Jeremy cornered Plaintiff in the back of the store and attempted to hug her.

20. Plaintiff managed to avoid Jeremy and immediately reported these incidents to the store manager, Angie (last name unknown).

21. Defendant subsequently terminated Jeremy.

22. However, Defendant's employees, Matt, Lisa, and Steve Loomis, continued to harass and began to retaliate against Plaintiff as a result of Jeremy's termination.

23. Further, throughout Plaintiff's employment with Defendant, Steve, who maintains an aggressive religious objection to homosexuals, regularly made negative comments about Plaintiff's "sinful" lifestyle and her disinterest in religious matters.

24. During this time, the ongoing sexual and religious discrimination/harassment and retaliation Plaintiff was being subjected to had become so severe and pervasive that Walmart had become an intolerable

work environment where no reasonable person in Plaintiff's position would have been expected to continue their employment. As a result, Plaintiff was unable to continue working for Defendant, and had no choice but to resign her employment.

25. On or about August 18, 2014, Plaintiff resigned her position because of the ongoing sexual and religious discrimination/harassment and retaliation she had endured in the sexually hostile work environment of Walmart.

26. Plaintiff's situation amounted to a case of constructive discharge in violation Title VII, CRA 1991 and the PHRA, as no reasonable person in Plaintiff's position could have been expected to work under the conditions which existed at Defendant's workplace.

27. The persistent sexual and religious discrimination/harassment and retaliation, as well as Plaintiff's subsequent constructive discharge, all violated Plaintiff's rights under Title VII and the PHRA.

## COUNT I

### TITLE VII VIOLATION
### SEXUAL DISCRIMINATION AND HARASSMENT

28. All prior paragraphs are incorporated herein by reference as though fully set forth herein.

29. Defendant created, permitted, tolerated, encouraged, and fostered a sexually hostile, intimidating, demeaning, degrading and demoralizing environment at Walmart's York location where Plaintiff worked, which hostile environment was ongoing and pervasive throughout Plaintiff's employment, in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq. (as amended) and the Civil Rights Act of 1991.

30. The acts of Defendant, and its officers, agents, and employees manifesting and permitting this hostile environment, insofar as they are known to Plaintiff, included allowing Plaintiff's coworkers to sexually harass her, both verbally and physically, and continuing to allow this situation to occur despite Plaintiff's repeated and direct objections, complaints, and reports.

31. The sexually hostile environment was specifically known to Defendant, which took no meaningful or effective action to remediate the offending behavior or to remove the offending environment.

32. As a consequence of the sexually hostile environment created, permitted, tolerated, encouraged, and fostered by Defendant's actions and failures to act, Plaintiff was subjected to emotional distress, humiliation, ridicule, and a negative effect on her work product and ability to fully and

effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury, and damage.

33. As a result of the sexually hostile environment, Plaintiff has suffered economic loss, emotional distress, physical injury, a loss of self-respect and confidence, and has been subjected to great damage to her career and professional standing.

34. The actions of Defendant set forth above constitute violations of Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq. (as amended) and the Civil Rights Act of 1991.

WHEREFORE, Plaintiff, Vanessa Adams, respectfully requests this Honorable Court to enter judgment in her favor and against Defendant, Wal-Mart Stores East, LP, together with compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT II

### TITLE VII CIVIL RIGHTS VIOLATION
### RELIGIOUS DISCRIMINATION AND HARASSMENT

35. All prior paragraphs are incorporated herein by reference as though fully set forth herein.

36. Plaintiff was subjected to discrimination/harassment on the basis of her non-religion in violation of Title VII.

37. Defendant harassed and discriminated against Plaintiff in violation of her federal civil rights under Title VII by allowing its employee, Steve Loomis, to harass and discriminate against her on the basis of his religious beliefs.

38. Defendant was aware of Steve Loomis's discriminatory behavior.

39. The religious discrimination/harassment to which Plaintiff was subjected would have detrimentally affected any reasonable person in her position.

40. Defendant's failure to maintain a workplace free from religious discrimination/harassment was intentional, malicious, and in reckless indifference to Plaintiff's protected federal rights.

41. At all times relevant and material to this Complaint, Plaintiff was a member of a protected class based on her non-religion.

42. As a result of Defendant's actions, Plaintiff has had her reputation damaged and standing in the community lowered, has suffered and continues to suffer pain, humiliation, ridicule, and embarrassment, has

endured public humiliation, ridicule, and embarrassment before her family and friends, as well as sustained economic losses.

43. Plaintiff has and continues to suffer irreparable harm as a result of Defendant's violation of her protected federal rights.

WHEREFORE, Plaintiff, Vanessa Adams, respectfully requests this Honorable Court to enter judgment in her favor and against Defendant, Wal-Mart Stores East, LP, and grant such relief as may be appropriate, including liquidated, compensatory and punitive damages, costs and attorneys' fees, and for such other further relief, in law and in equity, both actual and special, to which this Honorable Court deems just fair and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT III

### TITLE VII VIOLATION
### RETALIATION

44. All prior paragraphs are incorporated herein by reference as though fully set forth herein.

45. Subsequent to Plaintiff reporting the sexual and religious discrimination/harassment against herself Defendant retaliated against Plaintiff by allowing its employees, Matt Cellini, Steve Loomis, and Lisa

(last name unknown), to harass Plaintiff in retaliation for her complaints of sexual and religious discrimination/harassment, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. (as amended) and the Civil Rights Act of 1991.

46. As a consequence of Defendant's wanton and willful acts of retaliation, Plaintiff was subjected to emotional distress, humiliation, ridicule, and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury and damage.

47. As a result of Defendant's retaliation, Plaintiff has suffered economic loss, emotional distress, physical injury, a loss of self-respect and confidence, and has been subjected to great damage to her career and professional standing.

48. The actions of Defendant set forth above constitute violations of Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq. (as amended) and the Civil Rights Act of 1991.

WHEREFORE, Plaintiff, Vanessa Adams, respectfully requests this Honorable Court to enter judgment in her favor and against Defendant, Wal-Mart Stores East, LP, together with compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as

this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT IV

## TITLE VII VIOLATION
## CONSTRUCTIVE DISCHARGE

49. All prior paragraphs are incorporated herein by reference as though fully set forth herein.

50. Subsequent to Plaintiff's reporting the sexual discrimination and harassment, Defendant took no meaningful or effective action to curtail the sexual and religious discrimination/harassment and retaliation, resulting in Plaintiff's constructive discharge from her employment in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq. (as amended) and the Civil Rights Act of 1991.

51. Defendant's wanton and willful actions and failures to act have caused Plaintiff to suffer economic loss, emotional distress, physical injury, a loss of self-respect and confidence, and has been subjected to great damage to her career and professional standing.

WHEREFORE, Plaintiff, Vanessa Adams, respectfully requests this Honorable Court to enter judgment in her favor and against Defendant, Wal-Mart Stores East, LP, together with compensatory damages, punitive

damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT V

## PHRA ALLEGATIONS

52. All prior paragraphs are incorporated herein by reference as though fully set forth herein.

53. This is an action arising under the provisions of the PHRA and this Honorable Court has, and should exercise, pendent jurisdiction over the same because the causes or actions complained of in this Count V arise out of the same facts, events and circumstances as Counts I, II, III, and IV, and therefore judicial economy and fairness to the parties dictates that this Count V be brought in the same Complaint.

54. By subjecting Plaintiff to sexual and religious discrimination/harassment, Defendant violated the provisions of the PHRA which prohibit discrimination and harassment based upon sex and religion with respect to the continuation and tenure of employment.

55. By retaliating against Plaintiff, Defendant violated Section 955 of the PHRA which prohibits retaliation for reports of discrimination and

harassment based upon sex and religion with respect to the continuation and tenure of employment.

56. By failing to take any meaningful or effective action to curtail the sexual and religious discrimination/harassment and retaliation making Plaintiff's work environment an intolerable place to work, Defendant violated the PHRA, as Plaintiff was subjected to a constructive discharge as no reasonable person could have been expected to work under the conditions which existed at Defendant's workplace.

57. As more fully set forth in Counts I, II, III, and IV, Plaintiff was subjected to economic loss, emotional and physical distress, humiliation and embarrassment by Defendant's sexual and religious discrimination and harassment and retaliatory actions, all of which was manifested in mental and physical distress, injury, and damage.

58. As more fully set forth in Counts I, II, III, and IV, Plaintiff has suffered a loss of earnings, emotional distress and a loss of self-confidence, and has been subjected to great damage to her career and professional standing.

59. The actions of Defendant set forth above constitute violations of the PHRA.

WHEREFORE, Plaintiff, Vanessa Adams, respectfully prays that judgment be entered in her favor and against Defendant, Wal-Mart Stores East, LP, for all of the relief sought in Counts I, II, III, and IV, <u>supra</u>, and such other and further relief provided by the Pennsylvania Human Relations Act, together with an award of attorneys' fees and costs of suit.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

                                              Respectfully submitted,

                                              McCarthy Weisberg Cummings, P.C.

<u>August 2, 2016</u>              <u>/s/ Derrek W. Cummings</u>
Date                             Derrek W. Cummings, Esquire
                                        PA Bar I.D. #: PA83286
                                        dcummings@mwcfirm.com

                                        Larry A. Weisberg, Esquire
                                        PA Bar I.D. #: PA83410
                                        lweisberg@mwcfirm.com

                                        2041 Herr Street
                                        Harrisburg, PA 17103-1624
                                        (717) 238-5707
                                        (717) 233-8133 (FAX)

                                        *Counsel for Plaintiff*